# NON-COMPETITION AND NON-SOLICITATION AGREEMENT

This Non-Competition and Non-Solicitation Agreement ("***Agreement***") is made and entered into on September 30, 2019 (the "***Effective Date***") by and between HJ Foundation Company (the "***Company***") and Elison Garcia ("***Employee***"). The Company and the Employee (together, the "***Parties***"), intending to be legally bound, agree as follows:

1. **DEFINITIONS.**

   In addition to terms defined above and elsewhere in this Agreement, the following terms shall have the following meanings when used in this Agreement:

   1.1. "***Restricted Area***" shall mean (i) Miami-Dade County, Florida, (ii) Broward County, Florida, and (iii) Palm Beach County, Florida.

   1.2. "***Restricted Period***" shall mean the one-year period following the termination of the Employee's employment with the Company for any of the reasons set forth in Section 3.4 below. The Restricted Period shall be tolled during (and shall be deemed automatically extended by) any period of time in which the Employee is in violation of the terms of Section 3 below.

   1.3. "***Cause***" shall mean: (a) poor performance of assigned duties or responsibilities; (b) willful misconduct; (c) fraud; (d) breach of fiduciary duty; (e) deliberate and material refusal to perform assigned duties or responsibilities or to comply with reasonably-established policies of the Company; or (f) inability to perform the essential functions of the position due to a dependence on any addictive substance.

   1.4. "***Competitor***" shall mean a company, entity, or person that engages in the Business.

2. **EMPLOYEE'S ACKNOWLEDGMENTS.**

   2.1. Employee acknowledges that: (a) Employee has received, and has become familiar with, the Company's trade secrets, valuable confidential business information, and/or valuable professional information; (b) the Employee has developed substantial relationships with specific prospective or existing customers, clients, and/or vendors of the Company; and/or (c) the Employee has received extraordinary and/or specialized training from the Company.

   2.2. Employee further acknowledges that: (a) Employee is an at-will employee of the Company; (b) the Company is engaged in the business of providing ground improvement, foundation drilling, earth retention, groundwater control, and/or other geotechnical services (collectively, the "***Business***"); (c) Employee has carefully read this Agreement, fully understands the restraints imposed upon the Employee by this Agreement, and voluntarily agrees to its terms and conditions; (d) Employee was not coerced to sign this Agreement and was not under duress at the time Employee signed this Agreement; (e) prior to signing this Agreement, Employee had adequate time to consider entering into this Agreement, including, without limitation, the opportunity to discuss the terms and conditions of this Agreement, as well as its legal

v06/12/2019

Employee's Initials *EG*

consequences, with an attorney of Employee's choice; and (f) given the nature and scope of the Company's Business, each and every restraint imposed by this Agreement (*see infra* Section 3) is reasonable with respect to subject matter, time period, and geographical area.

3. **NON-COMPETITION AND NON-SOLICITATION.**

    **3.1.** In consideration of Employee's continued at-will employment with the Company, Employee hereby agrees to refrain from the following activities, directly or indirectly, while employed by the Company and during the Restricted Period:

    (a) within the Restricted Area, becoming employed by any Competitor;

    (b) within the Restricted Area, performing services as an independent contractor, consultant, agent, partner, joint venturer, shareholder, or otherwise for any Competitor;

    (c) soliciting or diverting away, or attempting to solicit or divert, the business of any entity or person who is a current, former, or potential customer, supplier, or referral source of the Company; and

    (d) soliciting or recruiting, or attempting to solicit or recruit, for the Employee or any organization with which the Employee is connected, any employee of the Company or any persons who, within one (1) year of such solicitation or recruitment, was employed by the Company.

    **3.2.** The Employee acknowledges that a violation by the Employee of any of the covenants contained in this Section 3 would cause irreparable damage to the Company in an amount that would be material but not readily ascertainable, and that any remedy at law (including the payment of damages) would be inadequate. Accordingly, the Employee agrees that, notwithstanding any provision of this Agreement to the contrary, the Company shall be entitled to injunctive relief (including temporary restraining orders, preliminary injunctions, and/or permanent injunctions) in any court of competent jurisdiction for any actual or threatened breach of any of the covenants set forth in this Section 3 in addition to any other legal or equitable remedies it may have. The preceding sentence shall not be construed as a waiver of the rights that the Company may have for damages under this Agreement or otherwise, and all of the Company's rights shall be unrestricted.

    **3.3.** If any portion of this Section 3 is held to be unreasonable, unenforceable, arbitrary, or against public policy, then such portion shall be considered divisible as to time, geographical area, and prohibited activities. If any court of competent jurisdiction determines the specified time period, geographic area, or specified prohibited activities applicable to this Section 3 to be unreasonable, arbitrary, or against public policy, then a lesser time period, geographic area, or prohibited activities which are determined to be reasonable, non-arbitrary, and not against public policy may be enforced against Employee.

v06/12/2019

Employee's Initials *EG*

2

**3.4.** This Agreement, including the terms in this Section 3, applies only if: (a) the Employee terminates his or her employment with the Company for any reason; or (b) if the Company terminates the Employee for Cause.

**3.5.** This Agreement, including the terms in this Section 3, shall become null and void if, during the term of Employee's employment with the Company, the Company decreases or lowers Employee's base salary, job title, and/or job duties.

**4. CONSIDERATION.**

In consideration for the Employee's agreement to comply with this Agreement and the covenants in Section 3 above, the adequacy of which is hereby acknowledged by the Employee, the Company will continue Employee's participation in the Company's discretionary bonus program and continue Employee's at-will employment with the Company.

**5. MISCELLANEOUS.**

**5.1. Entire Agreement; Modifications.** This Agreement supersedes all prior agreements between the Parties with respect to its subject matter and constitutes a complete and exclusive statement of the terms of the agreement between the Parties with respect to its subject matter. This Agreement may not be amended, supplemented, or otherwise modified except by a written agreement executed by the Parties.

**5.2. Assignments.** The Company may assign this Agreement, or any of its rights and duties hereunder, without the Employee's consent, to any subsidiary or affiliate of the Company or to any person or entity which acquires all, or substantially all, of the assets or business of the Company or any of the Company's divisions.

**5.3. Governing Law; Jurisdiction.** This Agreement will be governed by and construed under the laws of the State of Florida without regard to conflicts of laws principles that would require the application of any other law. Any action or proceeding arising out of or relating to this Agreement may be brought in the courts of the State of Florida; or, if there is a basis for jurisdiction, such actions may be brought in the United States District Court for the Southern District of Florida. The Parties irrevocably submit to the jurisdiction of such courts in any such action or proceeding and waives any objection it may now or hereafter have to venue or convenience of forum.

[SIGNATURES ON THE FOLLOWING PAGE]

v06/12/2019

Employee's Initials _E G_

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed as of the Effective Date.

**HJ FOUNDATION COMPANY**          **Elison Garcia**

By: _____          _____

Name: MARK M. DEVANEY

Title: DIR PROJ MGMT

[END OF SIGNATURE PAGE]