IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KELLER NORTH AMERICA, INC.,**

    **Plaintiff,**

    v.

**BERKEL & COMPANY CONTRACTORS, INC.,**

    **Defendant.**

Case No. 24-2477-JAR-BGS

**MEMORANDUM AND ORDER**

This suit centers around the departure of several employees from Plaintiff Keller North America, Inc. ("Keller") and those employees' subsequent employment with Defendant Berkel & Company Contractors, Inc. ("Berkel"). Before the Court is Keller's Motion for Leave to File Second Amended Complaint (Doc. 66), which Keller filed following dismissal of its claim for tortious interference with contract.[1] The motion is fully briefed, and the Court is prepared to rule. For the reasons set forth below, the Court grants in part and denies in part Keller's motion.

## I. Standard

Fed. R. Civ. P. 15 governs when a party can amend its complaint. If a party has already amended as a matter of course,[2] then she must seek either the opposing party's consent to the amendment or the court's leave to amend.[3] And though Rule 15(a)(2) requires that leave to amend "be freely given when justice so requires," the decision to grant leave is nevertheless

---

[1] *See* Doc. 54.

[2] Fed. R. Civ. P. 15(a)(1).

[3] *Id.* 15(a)(2).

within the trial court's discretion.[4]  The factors a court should consider in determining whether to allow amendment of a pleading are undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment.[5]  "If a proposed amendment is not clearly futile, then denial of leave to amend is improper."[6]  The court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or otherwise fails to state a claim upon which relief may be granted.[7]

The standard for an amendment's futility, therefore, overlaps with the standard for a Rule 12(b)(6) motion.  To survive a Rule 12(b)(6) motion, a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level" and must include "enough facts to state a claim for relief that is plausible on its face."[8]  Because a court must accept the complaint's allegations as true, a court may not dismiss on the ground that it appears unlikely that the allegations can be proved.[9]

## II. Discussion

Keller seeks leave to amend its complaint both to cure deficiencies identified by the Court in dismissing its tortious-interference claim in the First Amended Complaint and to add a new claim for aiding and abetting.  Berkel argues that the amendment is futile.  The Court first

---

[4] *Castleglen, Inc. v. Resol. Tr. Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (first citing *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971); and then citing *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992)).

[5] *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Castleglen*, 984 F.2d at 1585.

[6] 6 Charles Alan Wright et al., *Federal Practice and Procedures* § 1487 (3d ed. 2017).

[7] *Ketchum*, 961 F.2d at 920; *Schepp v. Fremont County*, 900 F.2d 1448, 1451 (10th Cir. 1990).

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

describes the proposed Second Amended Complaint's additional allegations and then addresses whether the amendment would be futile.

### A. Proposed Second Amended Complaint

Keller's proposed Second Amended Complaint lodges new allegations to support its tortious-interference claim and adds a new claim for aiding and abetting. The Court dismissed Keller's tortious-interference claim for failure to state a claim because it failed to allege an essential element of the claim—a wrongful act inducing the breach.[10] Keller now makes several new allegations to shore up this deficiency. Keller alleges that Berkel employee Michael Terry made false statements that induced Keller employees to leave and that he intimidated and pressured the employees to leave Keller through various phone calls to the employees. Keller next alleges that Berkel employee Frank Fonseca attempted to induce at least one employee to leave Keller by calling the employee's spouse to place undue pressure on the employee to depart Keller.

Keller also adds a new claim for aiding and abetting. For the predicate tort, Keller alleges that Fonseca committed (1) tortious interference with Keller's business relationships by formulating a plan to persuade Keller employees to depart for Berkel and (2) a breach of his fiduciary duty by sending to Berkel, while employed by Keller, a spreadsheet developed with and containing Keller's confidential business information. Keller then alleges that Berkel "encouraged, incited, aided, or abetted Fonseca" in those tortious acts.

---

[10] Doc. 54.

### B. Futility

Berkel argues that the proposed amendments to revive the tortious-interference claim and to add the aiding-and-abetting claim would be futile.[11] For both claims, Berkel first urges the Court to bear in mind Keller's limited evidentiary showing at the preliminary-injunction hearing and to deny leave to amend as futile because Keller is unlikely to garner adequate supporting evidence for its new allegations. But Berkel misunderstands the standard for futility. An amendment is futile when it would not withstand a motion to dismiss under Rule 12(b)(6), which in turn calls for a court to assume the truth of the allegations.[12] A court does not consider the probability that the plaintiff will, in fact, find evidentiary support for the claims. The Court therefore rejects that argument.

But Berkel's second argument for futility has traction. Focusing only on the aiding-and-abetting claim, Berkel points out that Keller has made only a conclusory recitation of one of the claim's elements—that Berkel actually aided and abetted Fonseca's tortious acts. Similar to civil-conspiracy liability, Maryland law imposes aiding-and-abetting liability on a defendant if (1) "there is a violation of the law (tort) by the 'principal,' (2) defendant knew about the violation, and (3) defendant gave substantial assistance or encouragement to the principal to engage in the tortious conduct."[13] The proposed Second Amended Complaint is replete with allegations about Fonseca's allegedly tortious conduct, but it is devoid of allegations about Berkel's substantial assistance or encouragement of Fonseca. This is all it offers about Berkel:

---

[11] Berkel initially argues that the amendment would not "cure" the First Amended Complaint's deficiencies. This may be a reference to the "failure to cure deficiencies by amendment previously allowed" ground for denying leave to amend. But the Court construes Berkel's argument to rest on futility, not the alternative ground.

[12] *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[13] *Aarow Elec. Sols. v. Tricore Sys., LLC*, 693 F. Supp. 3d 525, 546 (D. Md. 2023).

"Berkel encouraged, incited, aided, or abetted" Fonseca's conduct. That allegation is the definition of a "formulaic recitation" of a cause of action's elements.[14]

Keller's brief continues the same error; it focuses on Fonseca's conduct, not on Berkel's. To fend off Berkel's argument that it has not alleged Berkel's substantial assistance or encouragement, Keller notes that Fonseca was a Senior Vice President at Keller; that Fonseca knew of Keller's employment relationships with the departing employees; that Fonseca wanted to bring some of those employees to Berkel; and that Fonseca created the spreadsheet with Keller's business information. Those allegations speak not at all to Berkel's assistance or encouragement. But Keller does point to this single allegation about Berkel's own conduct: "shortly *after* receiving the [plan] from Fonseca, [Berkel's President and CEO] informed Fonseca that he approved of the plan."[15] The Court fails to see how approving an act already committed could substantially assist or encourage the commission of the act in the first instance.[16] And Keller offers no case law to support that position. Berkel's tangential allegation does not "nudge[] [its] claim across the line from conceivable to plausible."[17] Keller therefore does not plausibly allege that Berkel itself aided and abetted Fonseca's tortious conduct—an essential element of an aiding-and-abetting claim. And because Keller's aiding-and-abetting amendment thus fails to state a claim upon which relief may be granted, it amounts to a futile

---

[14] *Martinez v. Aberdeen Vill.*, No. 12-2448, 2013 WL 1308870, at *1 (D. Kan. Mar. 29, 2013) (quoting *Ashcroft*, 556 U.S. at 678).

[15] Doc. 66-2 ¶ 169 (emphasis added).

[16] *See Tex. Star Nut & Food Co. v. Truist Bank*, 632 F. Supp. 3d 664, 670 (D. Md. 2022) (noting that aiding-and-abetting liability requires that defendant know "that the [tortious act] would be the natural consequence of his conduct" (alteration in original) (quoting *Saadeh v. Saadeh, Inc.*, 819 A.2d 1158, 1171 (Md. Ct. Spec. App. 2003))); *Saadeh*, 819 A.2d at 1171 (requiring that the aider or abetter "engage[] in assistive conduct that he would know would contribute to the happening of that act"); *Duke v. Feldman*, 226 A.2d 345, 347–48 (Md. 1967) (holding that "[s]ilent approbation" did not aid or abet commission of assault or battery).

[17] *Twombly*, 550 U.S. at 570.

amendment.  So to the extent that Keller's amendment seeks to add a claim for aiding and abetting, the Court denies leave to amend.

**IT IS THEREFORE ORDERED BY THE COURT** that Keller's Motion for Leave to File Second Amended Complaint (Doc. 66) is **granted in part** and **denied in part**.  The Court grants Keller leave to amend its complaint to reassert its tortious-interference claim.  The motion is otherwise denied.

**IT IS SO ORDERED.**

Dated: April 8, 2025

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE